**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Bao Linh PHAM, Defendant—
Appellant.**

No. 05–30154.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

Gary Y. Sussman, USPO—Office of the U.S. Attorney Mark O. Hatfield U.S. Courthouse, Portland, OR, for Plaintiff—Appellee.

Ruben L. Iniguez, Esq., FPDOR—Federal Public Defender's Office, Portland, OR, for Defendant—Appellant.

Before: O'SCANNLAIN, CALLAHAN and BEA, Circuit Judges.

MEMORANDUM **

Bao Linh Pham appeals the district court's revocation of his supervised release for an underlying guilty plea conviction for bank fraud, in violation of 18 U.S.C. § 1344. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

█ Pham contends that the district court violated his due process rights at the revocation of supervised release hearing by not asking him personally whether he admitted the alleged violation. We review for plain error, *United States v. Buckland,* 289 F.3d 558, 563 (9th Cir.2002) (en banc), and we reject the contention. "[W]e have repeatedly held that criminal defendants are bound by the admissions of fact made by their counsel in their presence and with their authority." *United States v. Her-*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*nandez–Hernandez,* 387 F.3d 799, 806 (9th Cir.2004), *vacated on other grounds by Ramos–Birrueta v. United States,* —— U.S. ——, 125 S.Ct. 1427, 161 L.Ed.2d 185 (2005). Further, proceedings to revoke supervised release need not comply with the procedural protections constitutionally guaranteed for criminal prosecutions. *See United States v. Soto–Olivas,* 44 F.3d 788, 792 (9th Cir.1995); *see also United States v. Segal,* 549 F.2d 1293, 1300 (9th Cir.1977) (holding that the making of admissions at a probation revocation proceeding is not the equivalent of a guilty plea, functional or otherwise, and that, consequently, the protections of Rule 11 do not apply).

■ Pham also contends that the district court abused its discretion by revoking his supervised release. We reject this contention because there was evidence that Pham failed to report to the probation office within 72 hours of his release from custody. *See United States v. Schmidt,* 99 F.3d 315, 320 (9th Cir.1996), *overruled on other grounds by United States v. Palomba,* 182 F.3d 1121, 1123 (9th Cir.1999).

AFFIRMED.